Barbara ANDERSON,
John R. Gilbert, Thomas K. Hatfield,
Margaret S. Ivers, Ellen Leigh,
Meadows Land Partnership, Diane L. Nikkila,
Ruth Seibel, Joyce Wineberg, Jude Delong,
as Trustee for the Estate of Stella Hatfield,
and First Independent Bank,
as Trustee for the Estate of William L. Seibel,
*Respondents,*

*v.*

JENSEN RACING, INC.,
(formerly known as Jensen Racing Corporation),
an Oregon corporation,
and Donna Jensen,
*Defendants,*

*and*

THE NEW PORTLAND MEADOWS, INC.,
*Appellant.*

(9408-05683; CA A90461)

958 P2d 906

William H. Walters argued the cause for appellant. With him on the briefs was Miller, Nash, Wiener, Hager & Carlsen LLP.

John Paul Graff argued the cause for respondents. With him on the brief was Graff & O'Neill.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

PER CURIAM

**PER CURIAM**

Defendant, The New Portland Meadows, Inc., (NPM) appeals from a judgment determining that paragraph five of an agreement between plaintiffs and NPM governs NPM's obligations with respect to income received from allowing facilities at Portland Meadows to be used as an off-track betting site during NPM's off-season. After the trial court entered judgment and before oral argument of this appeal, the Supreme Court issued its opinion in an earlier appeal between the parties raising related issues. *Anderson v. Jensen Racing, Inc.*, 324 Or 570, 931 P2d 763 (1997). Based on the Supreme Court's intervening analysis in *Anderson*, and particularly its determination that makes it clear that paragraph five "refers to the annual racing season during which the operator is licensed,"[1] 324 Or at 576, we conclude that the trial court erred in determining that paragraph five governs the circumstances presented here. A further writing would benefit neither bench nor bar.

Reversed and remanded.

---

[1] The Supreme Court's discussion makes it clear that "the operator" for purposes of paragraph five is NPM. *Anderson*, 324 Or at 576-77.